NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEALER COMPUTER SERVICES, INC., et al.,** | Civil Action No. 21-19811 (GC) (TJB) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| **WILLIAM C. MULLER, JR., et al.,** | |
| Defendants. | |

**BONGIOVANNI, United States Magistrate Judge**

    Currently pending before the Court is non-party Unity Bank's ("Unity") Motion to Quash Plaintiffs' Subpoena Duces Tecum or For Protective Order ("Motion to Quash Subpoena"). (Docket Entry No. 88.) Unity's Motion to Quash Subpoena is opposed by Plaintiffs Dealer Computer Services, Inc., The Reynolds and Reynolds Co., Coin Data, LLC, and Callbright Corp. ("Plaintiffs"). (Docket Entry No. 92.) The Court has fully reviewed the arguments made in support of and in opposition to Unity's motion. The Court considers the motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Unity's Motion to Quash Subpoena is **DENIED.**

    **I.    BACKGROUND AND PROCEDURAL HISTORY**

    The Court presumes a familiarity with the nature and history of this litigation. As a result, the Court focuses on the facts most relevant to Unity's Motion to Quash Subpoena.

    This matter arises out of a Complaint filed by Plaintiffs against several defendants, including in pertinent part Defendant William C. Muller, Jr. ("Muller"), Defendant Muller Powersports, LLC ("Muller Powersports"), and Defendant Muller Realty, LLC ("Muller Realty")

(collectively, "Defendants"). Plaintiffs allege that Defendants have engaged in the fraudulent transfer or liquidation of assets of Muller Automative Group, Inc, a corporation of Defendant Muller, to avoid a Final Judgment obtained in a previous action. (*See generally,* Compl; Docket Entry No. 1) ("Compl.").

On January 2, 2024, in the Surrogate Court of Warren County, New Jersey, Muller Powersports and Muller Realty each initiated an assignment for the benefit of creditors and separately filed a Verified Complaint and an Order to Show Cause. (Unity Bank's Br. in Supp. of Mot. to Quash Subpoena Duces Tecum or For Protective Order, at 1; Docket Entry No. 88) ("Unity's Mov. Br."). The purpose of the foregoing was to permit the Assignee to sell the real and personal property of said Defendants at auction, including real property owned by Muller Realty ("Muller Realty Property"). (*Id.*) Unity Bank, a non-party to this action, is the holder of three mortgages on the Muller Realty Property. (*Id.*) As such, Unity opposed the Order to Show Cause, and also filed a Complaint in Mortgage Foreclosure in the Chancery Division of Warren County, New Jersey, seeking to foreclose the third mortgage held against the aforementioned property. (*Id.* at 1-2.)

Consequently, on January 25, 2024, Plaintiffs in the within action filed a Motion Order to Show Cause, seeking a temporary restraining order and preliminary injunction enjoining the sale of the Defendants' assets. (Pls.' Mot. Order to Show Cause; Docket Entry No. 72.) The District Court granted in part and denied in part Plaintiffs' motion and entered an Order enjoining Muller Powersports and Muller Realty from disbursing or distributing the proceeds of the sale of their assets. (Order of 02/08/2024; Docket Entry No. 81); (Order of 02/16/2024; Docket Entry No. 86.)

On February 8, 2024, Plaintiffs issued a subpoena to Unity requesting documents pertaining to Muller Powersports's and Muller Realty's financial activity. (*See* Unity Bank's Mot.

2

to Quash Subpoena Duces Tecum or For Protective Order, Ex. C; Docket Entry No. 88-3) ("Unity's Mot. to Quash").  On February 20, 2024, Unity filed a Motion to Quash Plaintiffs' Subpoena Duces Tecum or For Protective Order. (Docket Entry No. 88.)  Unity argues that the subpoena is irrelevant and unduly burdensome, and therefore contrary to the discovery standards established by Federal Rules of Civil Procedure 26 and 45. (Unity's Mov. Br., at 4-5.)

Regarding the alleged irrelevance of the subpoena, Unity states that said subpoena seeks information concerning the third mortgage held by Unity and all information concerning Muller Realty and Muller Powersports from November 5, 2021, to the present.  (*Id.* at 4.)  It is Unity's position that the subpoena pertains to an as yet unfiled action concerning lien priority and validity.  (*Id.* at 4-5.)  Specifically, Unity argues that the subpoena seeks information to determine whether there is some way to circumvent the lien priority held by Unity.  (*Id.* at 3.)  Unity maintains that the subpoena is irrelevant and disproportionate to the needs of the within action.  (*Id.* at 5.)

Additionally, Unity cites several factors relevant to the determination of whether the subpoena constitutes a burdensome or oppressive discovery request. (*Id.*)  Unity states that "Courts have utilized the following factors in evaluating the reasonableness of a subpoena: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) relevance; (4) the breadth of the request for the production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed entity." (*Id.*) (citations omitted).

Unity argues that under these factors, Plaintiffs' subpoena constitutes a "fishing expedition" for information concerning Unity's mortgages that is overly burdensome and not germane or relevant to the within litigation against the Muller entities. (*Id.*)

On March 4, 2024, Plaintiffs filed Opposition to Unity's Motion to Quash Subpoena. In opposition, Plaintiffs posit that the subpoena is both relevant and limited in scope. (Pls.' Br. in Opp'n to Unity Bank's Mot. to Quash Duces Tecum or For Protective Order, at 1-5; Docket Entry No. 92) ("Pls.' Opp'n Br.").

As to relevance, Plaintiffs state that the subpoena requests information relating to the financial activity of Muller Powersports and Muller Realty. (*Id.* at 2.) As Plaintiffs note, the within action seeks to recover fraudulent transfers involving Muller Powersports and Muller Realty. (*Id.*) Specifically, Plaintiffs seek to establish that:

> (1) Defendant William C. Muller, Jr.—using various accounts at Unity Bank—fraudulently transferred assets to avoid the judgment against Muller Automotive Group, Inc.; (2) that those entities are the alter ego of Mr. Muller; and (3) that Mr. Muller has siphoned money out of those entities despite the pending litigation against them.

(*Id.* at 2-3.) Plaintiffs contend that they issued the subpoena to Unity seeking account statements and documents for monies disbursed to the Defendant Muller-affiliated entities. (*Id.* at 3.) According to Plaintiffs, the subpoena aims to uncover alleged past and continuing fraudulent transfers by Mr. Muller and his affiliated entities. (*Id.* at 3-4.) Plaintiffs therefore maintain that the information sought in the subpoena is directly relevant to the claims alleged. (*Id.* at 4.)

Regarding the purported undue burden imposed by the subpoena, Plaintiffs contend that Unity's arguments are conclusory, failing to provide any factual support or reasoning to support its claim of undue burden. (*Id.* at 4-5.) In addition, Plaintiffs assert that the scope of the subpoena is not unreasonable or oppressive, as it seeks specific information relating to two specific bank customers over a limited period of time. (*Id.* at 5.) It is Plaintiffs' position that Unity has failed to prove that compliance with the subpoena would constitute an "undue burden." (*Id.* at 4-5) (citations omitted.)

## II. ANALYSIS

The Court has broad discretion in deciding discovery disputes. *See United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017) (noting that "[a]s we have often said, matters of docket control and discovery are committed to [the] broad discretion of the district court"); *Halsey v. Pfeiffer*, Civ. No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010) (noting that "[d]istrict courts provide magistrate judges with particularly broad discretion in resolving discovery disputes"); *Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, Civ. No. 07-1947, 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]") The Court utilizes said discretion in considering whether to allow the aforementioned discovery.

"A party may seek discovery from non-parties provided they "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena[,]" which is enforceable by the appropriate district court as defined by the Federal Rules of Civil Procedure ("Rule")." *Hinsinger v. Conifer Ins. Co.*, Civ. No. 20-14753, 2024 WL 866529, at *5 (D.N.J. Feb. 29, 2024) (citing Fed.R.Civ.P.45(d)(1)).

Rule 45 Subpoenas are held to the same standard of proportionality and relevancy articulated in Rule 26(b). *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021); *Deibler v. SanMedica Int'l, LLC*, Civ. No. 19-20155, 2021 WL 6136090, at *2 (D.N.J. Dec. 29, 2021). Rule 26(b) provides in part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or proportional to the needs of the case." Fed.R.Civ.P. 26(b)(1). "Courts have construed [Rule 26] liberally, creating a broad range for discovery which would 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Caver v. City of Trenton*, 192 F.R.D. 154, 159

5

(D.N.J. 2000) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "The scope of discovery does, however, have ultimate and necessary boundaries." *Schneck v. Int'l Bus. Machines Corp.*, Civ. No. 92-4370, 1993 WL 765638, at *2 (D.N.J. July 27, 1993) (citing *McClain v. Mack Truck, Inc.,* 85 F.R.D. 53, 57 (E.D.Pa. 1979)); *see* Fed.R.Civ.P. 26(b)(2)(C).

As to subpoenas, the Court has authority to quash or modify a subpoena upon a timely motion by the party served. Fed.R.Civ.P. 45(d)(3). Specifically, four circumstances exist which require the Court to quash or modify a subpoena. Rule 45(d)(3)(A) provides that:

> (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>    (i)    fails to allow reasonable time for compliance;
>    (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides…;
>    (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or
>    (iv)  subjects a person to undue burden.

*Id.*

The movant bears the burden of persuasion to quash a subpoena. *In re Lazaridis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011); *Petroleum Mktg. Grp., Inc. v. Universal Prop. Servs., Inc.,* Civ. No. 22-2410, 2022 WL 20656112, at *3 (D.N.J. Dec. 5, 2022). However, a non-party to litigation is afforded greater protection from discovery than a party. *Chazanow v. Sussex Bank*, 2014 WL 2965697, at *2 (D.N.J. July 1, 2014).

Courts may modify or quash a subpoena if the discovery sought is irrelevant or if compelling such discovery would be unduly burdensome or oppressive. *Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, Civ. No. 20-11050, 2022 WL 2191519, at *2 (D.N.J. June 17, 2022); *See* Fed.R.Civ.P. 45(d); *see also* Fed.R.Civ.P. 26(b)(2)(C). "The standards for nonparty discovery require a stronger showing of relevance than for simple party discovery." *Stamy v. Packer,* 138 F.R.D. 412, 419 (D.N.J. 1990).

An undue burden exists when the subpoena is 'unreasonable or oppressive.' *In re Lazaridis*, 865 F. Supp. 2d at 524; *New Jersey Dep't of Envt'l Prot. v. Am. Thermoplastics Corp.*, Civ. No. 98-4781, 2021 WL 4551337, at *2 (D.N.J. Oct. 5, 2021). While there is no strict definition of "unreasonable or oppressive," courts use several factors in determining a subpoena's reasonableness: (1) relevance, (2) the party's need for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the subpoena recipient's status as a nonparty to the litigation. *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. at 501; *Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046, 2014 WL 4272732, at *2 (D.N.J. Aug. 28, 2014).

The Court finds that Plaintiffs' subpoena is neither irrelevant nor unduly burdensome. The subpoena seeks to obtain information concerning the third mortgage held by Unity and financial information concerning Muller Realty and Muller Powersports over a three-year period. Specifically, the subpoena seeks:

1. All documents that refer to, pertain to, or concern the Commercial Real Estate Mortgage between Muller Realty, LLC and Unity Bank, recorded May 10, 2023 under instrument number 2023-591757 in Warren County, New Jersey, including but not limited to the following:
   a. contracts and agreements
   b. loan application
   c. review and approval of loan application
   d. correspondence
   e. memoranda
   f. notes of oral conversations
   g. electronic communications
   h. disbursement records
   i. payment records
   j. account statements
   k. appraisals
   l. checks, receipts, and remittances
   m. wire transfer instructions, receipts, and confirmations

2. All documents that refer to, pertain to, or concern Muller Realty LLC, from November 5, 2021, to the present, including but not limited to:

      a. contracts and agreements
      b. loan application
      c. review and approval of loan application
      d. correspondence
      e. memoranda
      f. notes of oral conversations
      g. electronic communications
      h. disbursement records
      i. payment records
      j. account statements
      k. appraisals
      l. checks, receipts, and remittances
      m. wire transfer instructions, receipts, and confirmations

3. All documents that refer to, pertain to, or concern Muller Powersports LLC, from November 5, 2021, to the present, including but not limited to:
      a. contracts and agreements
      b. loan application
      c. review and approval of loan application
      d. correspondence
      e. memoranda
      f. notes of oral conversations
      g. electronic communications
      h. disbursement records
      i. payment records
      j. account statements
      k. appraisals
      l. checks, receipts, and remittances
      m. wire transfer instructions, receipts, and confirmations

(Unity's Mot. to Quash, Ex. C., at 6-8.)

As a threshold matter, the Court notes that discovery has not yet closed. Rather, the Court permitted Plaintiffs to file their Motion for Summary Judgment, which was subsequently administratively terminated to afford the parties time to address discovery needs and to engage in settlement discussions. (*See* Docket Entry Nos. 68-70.) As to the scope, bounds, and needs of discovery, same will be addressed on a date later to be set by the Court via a status conference. (*See* Docket Entry No. 85.)

Regarding the alleged irrelevance of the subpoena, Unity's assertions are unpersuasive. Plaintiffs allege that Defendants—including Defendant Muller and his affiliated companies, such as Muller Powersports and Muller Realty—have fraudulently transferred assets from Muller Automotive Group, Inc. to avoid a Final Judgment obtained by Plaintiffs on March 26, 2020, in an action titled *Dealer Computer Services, Inc. et al. v. Muller Automotive Group, Inc.*, Civil Action No. 3:19-cv-20768-FLW-LHG (D.N.J.) ("Collection Litigation"). (Pls.' Opp'n Br., at 2-3); (Compl. ¶¶ 1-4, 55-61.) Plaintiffs further allege that the fraudulent transfers made by and between Defendant Muller and his affiliated entities are historic and have continued during the pendency of the present litigation. (Pls.' Opp'n Br., at 3-4.) To this end, the subpoena requests information and records pertaining to Muller Powersports's and Muller Realty's financial activity after the date of Final Judgment, for the purpose of uncovering any alleged fraudulent transfers. (*Id.*) As noted, "Courts have construed [Rule 26] liberally, creating a broad range for discovery which would 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Caver*, 192 F.R.D. at 159 (citation omitted). As Plaintiffs seek documents and information concerning the efforts of Defendants to avoid the Final Judgment in the Collection Litigation, including monies disbursed to the Defendant Muller-affiliated entities, the subpoena encompasses and seeks information that bears on, or that reasonably could lead to other matter that could bear on, Plaintiffs' fraudulent transfer claims. The Court therefore finds that Plaintiffs' subpoena is relevant.

As for the purported undue burden imposed by the subpoena, Unity's claims concerning same are also unconvincing. Unity has not provided any evidence or substantive reasoning to substantiate its claim of undue burden. Rather, Unity blanketly asserts that Plaintiffs' subpoena constitutes a "fishing expedition" that is irrelevant and overly burdensome. (Unity's Mov. Br., at

9

5.) Notably, while it enumerates the equitable factors employed by courts in this jurisdiction to determine the burden or oppressiveness of a discovery request, Unity neither analyzes the factors in the context of this action nor explains in any manner how producing the subpoenaed documents and/or information would be unduly burdensome. Even considering the greater protection afforded to non-parties in the context of discovery, Unity still bears the burden of persuasion to quash the subpoena. As Plaintiffs argue, "Unity's approach would make it impossible to enforce any subpoena, so long as the respondent summarily asserted that responding would be burdensome." (Pls.' Opp'n Br., at 5.) The Court agrees. Without more, the Court finds that Unity has failed to satisfy its burden of proof.

Even in analyzing the equitable factors, the Court finds that Plaintiffs' subpoena is neither unduly burdensome nor oppressive. Plaintiffs' subpoena is relevant, seeking information that bears on—or that reasonably could lead to other matter that could bear on—Plaintiffs' fraudulent transfer claims. As to the breadth, scope and particularity of the subpoena, the Court finds same to be sufficiently narrow in scope and particular in nature. More pointedly, the subpoena is restricted to two specific bank customers that are directly implicated in the within action, Defendants Muller Powersports and Muller Realty; describes the requested documents with particularity, including, *inter alia*, account statements, written memoranda, contracts, and agreements, etc.; and spans over a limited and relevant period of three years post the entry of Final Judgment in the Collection Litigation. Finally, as Plaintiffs proffer, Unity does not deny that it has the records and information requested. (Pls.' Opp'n Br., at 2, 5.) Nor, as mentioned, does Unity explain how producing the records would be unduly burdensome or oppressive. Indeed, Unity, as a bank, appears to be the very entity that possesses and maintains the financial documents and information sought. Accordingly, in balancing the factors considered in determining a subpoena's reasonableness, the

Court finds that same militate against finding that Plaintiffs' subpoena is unduly burdensome and weigh in favor of denying Unity's motion. For the foregoing reasons, Unity's request to quash Plaintiffs' subpoena is denied.

Lastly, any request by Unity for a protective order is also denied. Under Rule 26(c), the Court may, for good cause, forbid disclosures or discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). In moving for a protective order, the "burden of persuasion [is] on the party seeking the protective order." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Establishing "good cause" requires the movant to "specifically demonstrate[e] that disclosure will cause a clearly defined and serious injury." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)); *Cipollone*, 785 F.2d at 1121. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone*, 785 F.2d at 1121.

In deciding whether good cause exists for the issuance of a protective order, a court must balance:

    (1) Whether disclosure will violate any privacy interests;
    (2) Whether the information is being sought for a legitimate or improper purpose;
    (3) Whether disclosure will cause a party embarrassment;
    (4) Whether confidentiality is being sought over information important to public health and safety;
    (5) Whether sharing of information among litigants will promote fairness and efficiency;
    (6) Whether the party seeking to benefit from a protective order is a public entity or official; and
    (7) Whether the case involves issues important to the public.

*Pansy*, 23 F.3d at 787-88; *Glenmede Trust Co.,* 56 F.3d at 483; *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 185 (D.N.J. 2012); *Huahai US Inc. v. Zhou*, Civ. No. 22-2346, 2023 WL 5346619, at *3 (D.N.J. Aug. 21, 2023) (citations omitted); *Downs v. U.S. Pipe & Foundry Co., Inc.*, Civ. No. 04-5358, 2005 WL 8174856, at *4 (D.N.J. Apr. 1, 2005) (citations omitted). These factors are not exhaustive. *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005). Ultimately, whether or not a protective order issues is a matter left to the discretion of the Court. *Pansy*, 23 F.3d at 789.

Unity appears to move for a protective order in passing, requesting "[the] Court enter an Order quashing Plaintiff's subpoena, or in the alternative, enter a protective order restricting Plaintiff[s'] discovery." (Unity's Mov. Br., at 1, 5.) Unity neither addresses the need for a protective order in any manner nor articulates a clearly defined or serious injury to establish good cause. Nor does Unity address or analyze any of the aforementioned "good cause" factors. Even considering the arguments raised in support of Unity's request to quash Plaintiffs' subpoena, the Court finds that Unity's contentions amount to broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, that are insufficient to establish good cause and warrant the issuance of a protective order. Without a specific demonstration that disclosure will cause a clearly defined and serious injury, the Court cannot find that good cause exists to warrant the issuance of a protective order. Accordingly, Unity's request for a protective order is denied.

### III.  CONCLUSION

For the reasons stated above, Unity Bank's Motion to Quash Plaintiffs' Subpoena Duces Tecum or For Protective Order is **DENIED**. An appropriate Order follows.

Dated:  September 20, 2024

s/ Tonianne J. Bongiovanni<br>
**HONORABLE TONIANNE J. BONGIOVANNI**<br>
**UNITED STATES MAGISTRATE JUDGE**